# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  February 15, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| HELENE QUINTANA, | * | No. 15-1273V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner;
*Joseph A. Lewis*, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 28, 2015, Helene Quintana ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the influenza vaccine she received on November 3, 2012, caused her to suffer from peripheral ulcerative keratitis, uveitis, and herpes keratitis and related sequelae. Pet. at 1 (ECF No. 1). On February 15, 2022, the undersigned issued her decision denying entitlement. Petitioner appealed this decision and on May 18, 2022, the Court of Federal Claims

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

issued its decision denying petitioner's motion for review and affirming the undersigned's entitlement decision denying compensation. (ECF No. 101).

On August 24, 2022, Petitioner filed a motion for attorneys' fees and costs. (ECF No. 109) ("Fees App."). Petitioner requests total final attorneys' fees and costs in the amount of $72,570.85, representing $59,209.30 in attorneys' fees and $13,361.55 in attorneys' costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner has indicated she has personally incurred costs totaling $107.84 related to her petition. *Id.* Respondent responded to the motion on September 9, 2022, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2. (ECF No. 110). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.      Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

The undersigned has reviewed the hourly rates requested by Petitioner for the work of her counsel at Conway, Homer, P.C. (the billing records indicate that the majority of attorney work was performed by Mr. Joseph Pepper, with supporting work from Mr. Ronald Homer, Ms. Christina Ciampolillo, and Ms. Meredith Daniels). The rates requested are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed. However, a small reduction must be made for excessive review of filings by counsel. While it is reasonable to have a second set of attorney eyes review substantive filings, such as the petition or a settlement demand, it is not reasonable to have another attorney review routine filings such as status reports or the joint notice not to seek review given that Mr. Pepper (lead counsel in this case) is an experienced Vaccine Program practitioner. Accordingly, a reduction of $1,000.00 is being made to account for this issue. Petitioner is therefore awarded final attorneys' fees of $58,209.30.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $13,361.55 in attorneys' costs, comprised of acquiring medical records, postage, photocopies, travel costs associated with the entitlement hearing and oral argument on appeal, and work performed by petitioner's medical expert, Dr. Frederick Fraunfelder. The undersigned has reviewed these costs and finds them to be reasonable and supported with adequate documentation. Petitioner is therefore awarded the full amount of costs requested.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner has indicated that she has personally incurred costs totaling $107.84 related to her petition. This amount is comprised of postage. Petitioner has provided adequate documentation supporting these costs and they are reasonable in the undersigned's experience.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $59,209.30 |
| (Reduction to Fees) | - ($1,000.00) |
| **Total Attorneys' Fees Awarded** | **$58,209.30** |
| | |
| Attorneys' Costs Requested | $13,361.55 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$13,361.55** |
| | |
| **Total Attorneys' Fees and Costs** | **$71,570.85** |
| | |
| **Petitioner's Costs** | **$107.84** |
| | |
| **Total Amount Awarded** | **$71,678.69** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $71,570.85, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Ronald Homer; and**

2) **a lump sum in the amount of $107.84, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.